UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

XL SPECIALTY INSURANCE COMPANY, and
other participating insurers, as subrogated insurers
for VANENKEVORT TUG AND BARGE, INC.,

      Plaintiff,

v.

IN-PLACE MACHINING COMPANY, LLC and
ZURICH AMERICAN INSURANCE COMPANY,    Case No.: 1:19-cv-01871-WCG

      Defendants.

## AGREED PROTECTIVE ORDER

1.    As used in the Agreed Protective Order, these terms have the following meanings:

"Attorneys" means counsel of record;

"Competitor" means with respect to a party, any entity and its employees or person substantially engaged in a similar business or related services including any agents of such entities who are regularly engaged by such entities in connection with the performance of such business activities;

"Confidential" material is material designated pursuant to paragraphs 2, 5, 6, 7 and/or 8;

"Documents" are all materials within the scope of Fed. R. Civ. P. 26;

"Outside Vendors" means messenger, copying, document review/coding and other clerical services vendors not employed by a party or its attorneys;

"Proceeding" means the above-captioned proceeding, *XL Specialty Ins. Co. v. In-Place Machining Co., LLC.,* United States District Court for the Eastern District of Wisconsin Case No. 19-CV-1871, including any appeal thereof, and

"Written Assurance" means an executed document in the form attached as Exhibit A.

2.    By identifying a document "Confidential," a party or third-party may designate

any Document, including without limitation interrogatory responses, other discovery responses,

transcripts, or Document productions that the designating party in good faith contends constitute or contain trade secret or other confidential or proprietary business information. Pursuant to this paragraph 2, a party may also designate any information or Documents produced by a third-party as "Confidential" provided that the designating party in good faith contends the information or Documents constitute or contain trade secret or other confidential or proprietary business information.

3. All Confidential material shall be used solely for the purpose of this Proceeding, and no person receiving such material shall, directly or indirectly, transfer, disclose, or communicate in any way the contents of the Confidential material to any person other than those specified in paragraph 4. Prohibited purposes include, but are not limited to, use for competitive purposes or for the prosecution of additional intellectual property rights.

4. Access to any Confidential material shall be limited to:

    (a) the Court, its officers, and members of the jury;

    (b) Attorneys, their staff (i.e. legal assistants, paralegals, temporary, clerical, and other employees), and their Outside Vendors;

    (c) persons shown on the face of the Document to have authored or received it;

    (d) court reporters retained to transcribe testimony;

    (e) in house counsel of any party;

    (f) the parties and their employees;

    (g) outside independent persons (i.e., persons who are not currently or formerly employed by or otherwise associated with any party) who are retained by a party or its attorneys to furnish technical or expert services, or to provide assistance as mock jurors or focus group members or the like, provided that they execute the Written Assurance in the form attached hereto as Exhibit A.

Except as hereinafter provided, Confidential material shall be used only in this Proceeding for

purposes necessary to the litigation, and shall not be used for any commercial, business, competitive, or other purposes, or in or for any other judicial or administrative proceedings, disputes, or cases, unless a court order is issued to the contrary.

5. As set forth in paragraph 2 above, third parties producing Documents in the course of this Proceeding may also designate Documents as "Confidential," subject to the same protections and constraints as the parties to the Proceeding. A copy of the Protective Order shall be served along with any subpoena served in connection with this Proceeding. All Documents produced by such third parties shall be treated as "Confidential" for a period of 14 days from the date of their production, and during that period any party may designate such Documents as "Confidential" pursuant to the terms of the Protective Order.

6. Parties and non-parties shall designate material as "Confidential" by branding each Document or material designated as "Confidential" with the following text on the face of the Document or material: "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER."

7. This Agreed Protective Order shall apply retroactively to all materials, including Documents, produced in the course of this Proceeding and prior to entry of this Agreed Protective Order. Within 60 days from entry of this Agreed Protective Order, parties and non-parties shall designate such previously produced material as "Confidential" pursuant to paragraph 2 above, such designation thereby affording the materials the same protections and constraints as set forth in paragraphs 3 and 4 above.

8. All depositions or portions of depositions taken in this Proceeding that contain trade secret or other proprietary or confidential information may be designated "Confidential" and thereby obtain the protections accorded other "Confidential" material. Confidentiality designations for depositions shall be made either on the record at the time the testimony is taking

or by written notice to any other parties within 21 days of receipt of the transcript. The deposition of any witness (or any portion of such deposition) that encompasses Confidential information shall be taken only in the presence of persons who are qualified to have access to such information.

9. Any party who inadvertently fails to designate material as "Confidential" shall have 60 days from the discovery of its oversight to correct its failure by providing written notice of the error identifying the material that was inadvertently not designated as "Confidential." As soon as is reasonably practicable thereafter, the party serving written notice of its inadvertent failure to designate shall provide substituted copies of the inadvertently produced material or material with an appropriate confidentiality designation on the face of the material. Any party receiving such inadvertently unmarked material shall make reasonable efforts to retrieve material distributed to persons not entitled to receive material with the corrected designation. No party shall be found to have violated this Order for failing to maintain the confidentiality of material during a time when that material has not been designated as Confidential material, even where the failure to so designate was inadvertent and where the material is subsequently designated as Confidential material.

10. Inadvertent production of material subject to the attorney-client privilege, work-product immunity, or any other legal privilege protecting information from discovery shall not constitute a waiver of the immunity or privilege, or of the subject matter of the privileged material. If any party discovers any Document or information that appears to be privileged or otherwise protected from discovery, it will promptly notify the other parties upon such discovery. The parties agree to return any inadvertently disclosed privileged or protected material immediately upon notification of such inadvertent production by the producing party. Following such notification, all inadvertently produced materials and all copies thereof, as well as all notes or

other work reflecting the contents of such materials, shall be returned to the producing party or destroyed, upon request, and such returned or destroyed material shall be deleted from any litigation-support or other database. No use shall be made of such Documents during depositions or at trial, nor shall they be disclosed to anyone who was not given access to them prior to the request to return or destroy them. The parties returning such material may move the Court for an order compelling production of the material, but such a motion shall not assert as a ground for entering such an order the fact or circumstances of the inadvertent production.

11. If a party files a document containing Confidential information with the Court, the document containing Confidential information shall be filed and maintained under seal and shall not be available for public inspection. The party making the filing shall be responsible for filing the document under seal in accordance with the Federal Rules of Civil Procedure, the Local Rules of the United States District Court for the Eastern District of Wisconsin, and the procedures of the United States District Court for the Eastern District of Wisconsin.

12. To the extent a party wishes to challenge a designation of material as "Confidential," any party may request a change in the designation of any material designated "Confidential." The following procedure shall apply to any such request or challenge:

(a) Meet and Confer. A party challenging the designation of Confidential material must do so in good faith and must begin the process by conferring directly with counsel for the designating party. In conferring, the challenging party must explain the basis for its belief that the confidentiality designation was not proper and must give the designating party an opportunity to review the designated material, to reconsider the designation, and, if no change in designation is offered, to explain the basis for the designation. The designating party must respond to the challenge within five (5) business days.

(b) Judicial Intervention. A party that elects to challenge a confidentiality designation may file and serve a motion that identifies the challenged material and sets forth in detail the basis for the challenge. Each such motion must be accompanied by a competent declaration that affirms that the movant has complied with the meet and confer requirements of this procedure. The burden of persuasion in any such challenge proceeding shall be on the designating party that the material in question is within the scope of protection afforded by Fed. R. Civ. P. 26(c)(1). Until the Court rules on the challenge, all parties shall continue to treat the materials as Confidential information under the terms of this Order.

13. Any party may apply to the Court for a modification of this Order, and nothing in this Order shall be construed to prevent a party from seeking such further provisions enhancing or limiting confidentiality as may be appropriate. However, except on privilege grounds not addressed by this Order, no party may withhold material from discovery on the ground that it requires protection greater than that afforded by this Order unless the party moves for an order providing such special protection.

14. No action taken in accordance with this Order shall be construed as a waiver of any claim or defense in the Proceeding or of any position as to discoverability or admissibility of evidence.

15. Nothing in this Order or any action or agreement of a party under this Order limits the Court's power to make orders concerning the disclosure of material produced in discovery or at trial.

16. Nothing in this Order shall be construed to affect the use of any Document, material, or information at any trial or hearing. A party that intends to present or that anticipates that another party may present Confidential material at a hearing or trial shall

bring that issue to the Court's and parties' attention by motion or in a pretrial memorandum, or by otherwise alerting the Court and the parties, without disclosing the Confidential material.

17. Confidential Material Subpoenaed or Ordered Produced in Other Litigation.

(a) If a receiving party is served with a subpoena or an order issued in other litigation that would compel disclosure of any material designated in this action as Confidential material, the receiving party must so notify the designating party, in writing, immediately and in no event more than three court days after receiving the subpoena or order. Such notification must include a copy of the subpoena or court order.

(b) The receiving party also must immediately inform in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is the subject of this Order. In addition, the receiving party must deliver a copy of this Order promptly to the party in the other action that caused the subpoena to issue.

(c) The purpose of imposing these duties is to alert the interested persons to the existence of this Order and to afford the designating party in this case an opportunity to try to protect its Confidential material in the court from which the subpoena or order issued. The designating party shall bear the burden and the expense of seeking protection in that court of its Confidential material, and nothing in these provisions should be construed as authorizing or encouraging a receiving party in this action to disobey a lawful directive from another court. The obligations set forth in this paragraph remain in effect while the party has in its possession, custody or control Confidential material by the other party to this case.

18. Within 60 days of the termination of this Proceeding, including any appeals, each party shall either destroy or return to the producing party all material designated by the producing party as "Confidential," and all copies of such material, and shall destroy all extracts and/or data taken from such material. Each party shall provide a certification as to such return or destruction within the 60-day period. Attorneys shall be entitled to retain, however, a set of all documents filed with the Court, all work-product containing or referring to Confidential information, and all correspondence generated in connection with the Proceeding.

19. The obligations imposed by the Protective Order shall survive the termination of this Proceeding. Within 60 days following the expiration of the last period for appeal from any order issued in connection with this Proceeding, the parties shall remove any materials designated "Confidential'" from the office of the Court Administrator. Following that 60-day period, the Court Administrator shall destroy all "Confidential" materials.

Dated: June 23, 2021

                                          s/ William C. Griesbach
                                          William C. Griesbach
                                          United States District Judge

| **XL SPECIALITY INS. CO.** | **IN-PLACE MACHINING CO., LLC** |
|---|---|
| By: /s/ *Adam McCabe* | By: /s/*Quentin Shafer* |
| Adam McCabe<br>Cassiday Schade, LLP<br>222 W. Adams Street<br>Suite 2900<br>Chicago, Illinois 60606<br>amccabe@cassiday.com | Quentin Shafer<br>VON BRIESEN & ROPER, S.C.<br>10 E Doty St<br>Suite 900<br>Madison, WI 53703<br>qshafer@vonbriesen.com |
| *Attorneys for Plaintiff XL* | *Attorneys for Defendant In-Place Machining, LLC* |

# **EXHIBIT A**

Undertaking to be Bound by Protective Order

I,_____(print or type name), hereby acknowledge that I have received a copy of the Protective Order entered in *XL Specialty Insurance Co. v. In-Place Machining Co., LLC,* United States District Court for the Eastern District Wisconsin, Case No. 19-CV-1871, and that I have read that Order, that I understand the terms, conditions, and restrictions imposed by that Order on one who is given access to Confidential Documents, information, and materials pursuant to that Order, and that I agree to be bound by all of the terms, conditions, and restrictions imposed by that Order. I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any material that is subject to this Order to any person or entity except in strict compliance with the provisions or this Order.

I also understand that Confidential Documents, information, and material, as defined in the Order, including any notes or other records that may be made regarding any such materials, shall not be disclosed to anyone except as expressly permitted by the Order. I will not copy or use, except solely for the purposes or this Proceeding, any Confidential Documents, information, or material obtained pursuant to this Order, except as provided therein or otherwise ordered by the Court in the Proceeding.

I further acknowledge and declare that I have no reason to believe that my receipt and review of Confidential Documents, information, or material poses any risk of competitive or commercial disadvantage to any party to this Proceeding, and I have no reason to believe that I am a Competitor, as that term is defined in the Order, to the party whose designated Confidential Documents, information, material are sought to be disclosed to me.

I further agree that I will return all Confidential Documents, material, and information I receive to counsel who provided me with the Documents, material, and information.

I further agree to submit to the jurisdiction of the Eastern District Court for the State of Wisconsin for the purpose of enforcing the terms or this Order, even if such enforcement proceedings occur after termination of this Proceeding.

Dated:_____  Name: _____

Occupation:_____

Employer: _____

Business Address: _____

Business Phone: _____